**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | CASE NO. 3:26-cr-00462-JRK |
| vs. | DISTRICT JUDGE JAMES R. KNEPP, II |
| NAVALKISHOR SRIVASTVA, Defendant. | MAGISTRATE JUDGE DARRELL A. CLAY |
| | **ORDER GRANTING DEFENDANT'S MOTION TO QUASH WRIT OF HABEAS CORPUS AD PROSEQUENDUM** |

Defendant Navalkishor Srivastva filed a motion to quash a writ of habeas corpus ad prosequendum that I issued on October 8, 2026. (ECF #14, 16). The United States sought the writ to effectuate Mr. Srivastva's appearance for an arraignment currently scheduled for 2:30 p.m. on October 15, 2026. (ECF #12). District Judge James R. Knepp, II referred the motion to me for disposition. (Non-document entry of Oct. 13, 206).

Mr. Srivastva is under indictment in this court for mail fraud, wire fraud, and use of a fictitious name in the course of a fraud. (ECF #1). He was arrested in Pennsylvania, and ordered released after a detention hearing in that court. (ECF #3). The release order was initially stayed on the government's motion, but after de novo review in this court, the release order was ultimately upheld. (ECF #4, 11). But because Mr. Srivastva was subject to a detainer issued by Immigration and Customs Enforcement (ICE), he was not actually released rom custody. Instead, he transferred from the custody of the United States Marshals Service (USMS) to that of ICE. (*See* ECF #12). He is currently housed in the Northeast Ohio Correctional Center, Youngstown, OH (*Id.*).

For the reasons set forth in *United States v. Mancebo-Garcia*, No. 23-CR-132-JFH-1, 2023 WL 3330233 (N.D. Okla. May 9, 2023), and *United States v. Villa*, No. 18-20062-01-DDC, 2019 WL 1454048 (D. Kan. Apr. 2, 2019), I conclude the writ of habeas corpus ad prosequendum I previously issued (without the benefit of the parties' briefing) must be revoked. Ordinarily, a writ of habeas corpus ad prosequendum is used to effectuate the temporary transfer of a defendant

from the custody of one sovereign to that of another. *See Wardell v. Wilson*, No. 10-294-GFVT, 2011 WL 6027072, at *2-3 (E.D. Ky. Dec. 5, 2011). Usually, this means a transfer between state and federal authorities. *See id.*

That is not, however, the case here. Mr. Srivastva was formerly under the custody of the USMS; now he is in the custody of ICE. Both USMS and ICE are creatures of the executive branch of a single sovereign: the federal government. No second sovereign is implicated. Under such circumstances, the judicial branch should not interfere. As the court explained in *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017):

> In any event, to the extent any conflict exists, it is a matter for the Executive Branch to resolve internally. "The problem here is not that defendant will absent himself from the jurisdiction, but that two Article II agencies will not coordinate their respective efforts . . . . It is not appropriate for an Article III judge to resolve Executive Branch turf battles."

*Id.* at 1339 (quoting *United States v. Barrerra-Omana*, 638 F.Supp.2d 1008, 1111 (D. Minn. 2009)). Ultimately, it is up to the Executive Branch agencies of the federal government to coordinate among themselves without judicial involvement.

The writ of habeas corpus ad prosequendum is hereby **REVOKED** and the October 15, 2026 arraignment date is **VACATED**. If the United States can arrange Mr. Srivastva's appearance for arraignment (either in person or by video), then it may contact the Clerk to arrange a new setting.

**IT IS SO ORDERED.**

Dated: October 14, 2026

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE